# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>    v.<br><br>RUGER 9MM HANDGUN,<br>SERIAL NO. 305-43453,<br><br>            Defendant.<br>_____/ | CASE NO. 1:09-cv-01086-AWI-SMS<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S *EX PARTE* APPLICATION FOR DEFAULT JUDGMENT**<br><br>(Doc. 16) |

In this civil forfeiture action, Plaintiff United States of America ("Government") seeks (1) default judgment against the interest of James Michael Walters in a Ruger 9 mm. handgun, serial number 305-43453 (the "defendant property") and (2) entry of a final forfeiture judgment to vest in the Government all right, title and interest in the defendant property. The Government's motion has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rule 72-302(c)(19) and is considered in accordance with Local Rule A-540(d).

This Court has reviewed the papers and has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 78-230(h). Having considered all written materials submitted, the undersigned recommends that the District Court grant the Government default judgment, enter final forfeiture judgment to vest in the Government all right, title and interest in the defendant property, and order the Government, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with these findings and recommendations.

I.      **Factual Background**[1]

In January 2007, a confidential informant ("CI") advised Fresno Police Department officers of the narcotics trafficking activities of an individual known to CI as Alonso. Officers later identified Alonso as Alonso Tellez. On January 19, 2007, on behalf of Fresno police officers, CI arranged to buy sixteen pounds of methamphetamine from Alonso at the Denny's Restaurant at Parkway and Olive Avenues in Fresno.

Thereafter, police surveillance units saw Alonso, Delfino Salazar, and Gilbert Garcia arrive in the Denny's parking lot in a green 1998 Ford Expedition. After Alonso introduced Delfino to CI, they began negotiating the crystal meth purchase. Garcia remained in the car. CI assured Alonso and Delfino that she had sufficient funds to complete her purchase, offering to show them the money.

CI then telephoned an undercover officer ("UO") to bring the money to Denny's parking lot. Upon UO's arrival, CI and Delfino walked to UO's vehicle to see the money, then walked away. Moments later, CI telephoned UO to advise that Delfino had placed a call to have an unidentified person deliver the crystal meth.

Two hours later, surveillance units saw Felipe Serrano Salazar and Jesus Roberto Salazar Sicairos drive a red Ford Explorer into Denny's lot and park next to the Expedition. After CI, Delfino, Alonso, and Garcia walked over to the Explorer, Delfino opened a yellow igloo [cooler], revealing twelve to fifteen pounds of crystal meth. At CI's prearranged signal, police moved in and arrested Delfino, Alonso, Garcia, Felipe, and Sicairos.

After receiving *Miranda* warnings, Delfino gave police officers permission to search his home, claiming that it contained four more pounds of crystal meth and drug profits totaling about $30,000 cash. In the floor joints [*sic*] of Delfino's basement, officers discovered the defendant property wrapped in a towel, a pay-owe ledger, and a cereal box containing two bags of suspected methamphetamine and a bag of suspected cocaine.

///

---

[1] These facts were derived from the Government's application and from the Court's records.

## II. Procedural Background

On June 19, 2009, the Government filed its complaint for forfeiture in rem, alleging that the defendant property was subject to forfeiture to the Government under 21 U.S.C. § 881(a)(6) because it constituted a firearm used or intended to be used to facilitate the transportation, sale, receipt, possession or concealment of a controlled substance or listed chemical in violation of 21 U.S.C. § 841, *et seq.,* and was therefore subject to forfeiture pursuant to 21 U.S.C. §§ 881(a)(11) (Doc. 1). On June 26, 2009, based on the allegations set forth in the complaint (Doc. 1), the Clerk of the Court issued a Warrant for Arrest of Articles In Rem for the defendant property (Doc. 6).

On June 29, 2009, this Court authorized publication of the forfeiture action via the internet forfeiture website www.forfeiture.gov for at least thirty days (Doc. 7). According to the Government's Declaration of Service by Publication (Doc. 11), a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on July 8, 2009. On July 16, 2009, Walters was personally served with notice of this action by the U.S. Marshals Service (Doc. 10). To date, no claim or answer has been filed by Walters or on his behalf.

As part of the Government's Request for Entry of Default (Doc. 12), FSA Paralegal Autumn Magee declared under penalty of perjury that on information and belief, Walters was neither in the military service nor was an infant or incapacitated person. Walters did not file an answer or otherwise defended this action. The Clerk entered default as to Walters on August 20, 2009 (Doc. 13). The Government moved for Default Judgment on April 15, 2010 (Doc. 16).

## DISCUSSION

### I. Sufficiency of the Complaint

The Government contends that the allegations set forth in the verified complaint for Forfeiture In Rem and the cited facts provide ample grounds for forfeiture of the defendant property. A complaint's sufficiency is one factor for consideration in deciding whether to grant default judgment. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). A firearm is subject to forfeiture if it is used or intended to be used to facilitate the transportation, sale, receipt,

3

1  possession or concealment of a controlled substance or listed chemical in violation of 21 U.S.C.
2  § 841, *et seq.*. 21 U.S.C. § 881(a)(11).
3        The Government's verified complaint alleges that the defendant property is subject to
4  forfeiture since it constitutes a firearm used or intended to be used to facilitate the transportation,
5  sale, possession, or concealment of a controlled substance or listed chemical in violation of 21
6  U.S.C. § 841 *et seq.* (Doc. 1 at ¶ 1). As set forth above and in the verified complaint, the DEA
7  seized the defendant property on January 19, 2007, at 102 West 6th Street, Stockton, California,
8  in the course of executing a search warrant (Doc. 1 at ¶ 2).
9        The complaint meets the requirements of Rule G of the Supplemental Rules for
10 Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, in
11 that it is verified; states the grounds for subject matter jurisdiction, in rem jurisdiction, and
12 venue; describes the property seized and the circumstance of its seizure; and identifies the
13 relevant statutes. In the absence of assertion of interests in the defendant property, this Court is
14 not in a position to question the facts supporting its forfeiture. As alleged, the facts set forth a
15 sufficient connection between the defendant property and illegal drug activity to support a
16 forfeiture.

17 **II.     Notice Requirements**

18       The Fifth Amendment's Due Process Clause prohibits the Government from taking
19 property without due process of law. Individuals whose property interests are at stake are
20 entitled to notice and an opportunity to be heard. The Government provided the required notice
21 to Walters.

22     **A.     Notice by Publication**

23       Supplemental Rule G(4) provides that in lieu of newspaper publication, the Government
24 may publish notice "by posting notice on an official government forfeiture site for at least 30
25 consecutive days." Local Admiralty and In Rem rules further provide that the Court shall
26 designate by order the appropriate vehicle for publication. Local Rules A-530 and 83-171. On
27 June 29, 2009, this Court authorized publication of the forfeiture action via the internet forfeiture
28 website www.forfeiture.gov for at least thirty days (Doc. 7). According to the Government's

4

Declaration of Service by Publication (Doc. 11), a Notice of Civil Forfeiture was published on the official government internet site (www.forfeiture.gov) for thirty days beginning on July 8, 2009. Accordingly, the Government satisfied the requirements for notice to Walters by publication.

### B.   Personal Notice

When the Government knows the identity of the property owner, due process requires "the Government to make a greater effort to give him notice than otherwise would be mandated by publication." *United States v. Real Property*, 135 F.3d 1312, 1315 (9th Cir. 1998). In such cases, the Government must attempt to provide actual notice by means reasonably calculated under all circumstances to apprise the owner of the pendency of the forfeiture action. *Dusenbery v. United States*, 534 U.S. 161, 168 (2002) (*quotations omitted*). See also *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 315 (1950) (requiring such notice "as one desirous of actually informing the absentee might reasonably adopt to accomplish it").

Supplemental Rule G(4)(b) mirrors this requirement, providing for notice to be sent by means reasonably calculated to reach the potential claimant. Local Rule A-540 also requires that a party seeking default judgment in an action in rem demonstrate to the Court's satisfaction that due notice of the arrest of the property has been given both by publication and by personal service of the person having custody of the property, or if the property is in the hands of a law enforcement officer, by personal service on the person who had custody of the property before its possession by a law enforcement agency or officer. Notice must also be provided by personal service or certified mail, return receipt requested, on every other person who has appeared in the action and is known to have an interest in the property, provided that failure to give actual notice to such other person may be excused upon a satisfactory showing of diligent efforts to provide notice without success. L.R. A-540(a). Notwithstanding the Supplemental Rules and L.R. A-540(a), the Government provides sufficient notice when the notice complies with the requirements of F.R.Civ.P. 4. *See* F.R.Civ.P. 4(n)(1) (providing that when a federal statute authorizes forfeiture, "[n]otice to claimants of the property shall then be sent in the manner provided by statute or by service of a summons under this rule"). In this case, the Government

personally served Walters with the complaint, arrest warrant, publication order, and other related documents on July 16, 2009 (Doc. 10).

### C.  Failure to File Claim or Answer

Supplemental Rule G(5) requires any person who asserts an interest in or right against the defendant property to file a claim with the Court within 35 days after service of the Government's complaint or 30 days after the final publication of notice. Supplemental R. G(4)(b) & (5). Failure to comply with the procedural requirements for opposing the forfeiture precludes a person from establishing standing as a party to the forfeiture action. *Real Property*, 135 F.3d at 1317. The Clerk of Court properly entered a default against Walters on August 20, 2009 (Doc. 13).

### D.  Default Judgment

The Government seeks judgment against the Walters' interest in the defendant property, and final forfeiture judgment to vest in the Government all right, title and interest in the defendant property. The Supplemental Rules do not set forth a procedure to seek default judgment in rem. Supplemental Rule A provides, "The Federal Rules of Civil Procedure also apply to the foregoing proceedings except to the extent that they are inconsistent with these Supplemental Rules."

Pursuant to the Federal Rules of Civil Procedure, default entry is a prerequisite to default judgment. "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the failure is shown by affidavit or otherwise, the clerk must enter the party's default." F.R.Civ.P. 55(a). Generally, the default entered by the clerk establishes a defendant's liability.

> Rule 55 gives the court considerable leeway as to what it may require as a prerequisite to the entry of a default judgment. The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true.
>
> *Televideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987) (*internal citations and quotation marks omitted*).

As noted above, the Government properly obtained entry of default against Walters' interest in the defendant property. There is no impediment to the default judgment sought by the

Government against him.  The Government properly seeks judgment against the interests of the entire world, that is, a final forfeiture judgment to vest in the Government all right, title, and interest in the defendant property.  "A judgment in rem affect the interests of all persons in designated property . . . . [T]he plaintiff is seeking to secure a pre-existing claim in the subject property and to extinguish or establish the nonexistence of similar interests of particular persons."  *Hanson v. Denckla*, 357 U.S. 235, 246 n. 12 (1958).  Because of Walters' default, the Government is entitled to a final forfeiture judgment.

## RECOMMENDATIONS

In light of the discussion above, this Court recommends that

1. The District Court grant Plaintiff United States of America default judgment against the interest of James Michael Walters in the defendant property;

2. The Clerk of Court enter final forfeiture judgment to vest in Plaintiff United States of America all right, title and interest in the defendant property; and

3. The District Court order Plaintiff United States of America, within ten (10) days of service of an order adopting these findings and recommendations, to submit a proposed default and final forfeiture judgment consistent with the findings and recommendations and the order adopting them.

These findings and recommendations are submitted to District Judge Anthony W. Ishii pursuant to 28 U.S.C. § 636 (b)(1)(B) and Local Rule 72-304.  Within fifteen (15) court days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties.  Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review these findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).

///

///

1  The parties are advised that failure to file objections within the specific time may waive the right
2  to appeal the district judge's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4  IT IS SO ORDERED.

5  **Dated:   June 2, 2010**                            /s/ Sandra M. Snyder
                                                  UNITED STATES MAGISTRATE JUDGE